**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARCUS BROOKS, KATHARINE GUZENSKI, RODRIGO MALDONADO, CANDIDA ORTIZ, and COURTNEY WALKER,<br><br>        Petitioners,<br><br>    v.<br><br>WARNERMEDIA DIRECT, LLC.,<br><br>        Defendant. | Case No. 1:23-cv-11030-KPF<br><br>**PETITIONERS' REPLY IN FURTHER SUPPORT OF PETITIONERS' PETITION TO COMPEL ARBITRATION** |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................ 1

ARGUMENT ............................................................................................... 2

    I.    The Court Has Authority To Compel WarnerMedia To Arbitrate In Accordance With The AAA Rules It Incorporated Into The AAA Arbitration Agreement ........................................ 2

    II.   The Court Should Grant Petitioners Relief Under Section 1281.97 ........................................................................................ 7

CONCLUSION ........................................................................................ 10

i

# TABLE OF AUTHORITIES

**Page(s)**                                                                                                                                             **Cases**

*Armendariz v. Foundation Health Psychcare Services, Inc.*,
   24 Cal. 4th 83 (2000) ............................................................................................................10

*Belyea v. GreenSky, Inc.*,
   637 F. Supp. 3d at 756 ............................................................................................................9

*Brown v. Dillard's, Inc.*,
   430 F.3d 1004 (9th Cir. 2005) ...............................................................................................10

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
   207 F.3d 1126 (9th Cir. 2000) .................................................................................................3

*Cota v. Art Brand Studios, LLC*,
   Case No. 21-CV-1519-LJL, 2021 WL 4864588
   (S.D.N.Y. Oct. 15, 2021) ........................................................................................................6

*Dekker v. Vivint Solar, Inc.*,
   479 F. Supp. 3d 834 (N.D. Cal. 2020) ................................................................................8, 10

*Edmondson v. Lilliston Ford Inc*,
   722 F. App'x 251 (3d Cir. 2018) ..............................................................................................4

*Eliasieh v. Legally Mine, LLC*,
   Case No. 18-CV-03622-JSC, 2020 WL 1929244
   (N.D. Cal. Apr. 21, 2020) ........................................................................................................6

*Espinoza v. Superior Ct.*,
   83 Cal. App. 5th 761, 299 Cal. Rptr. 3d 751 (2022)................................................................8

*Lifescan, Inc. v. Premier Diabetic Servs., Inc.*,
   363 F.3d 1010 (9th Cir. 2004) .................................................................................................2

*Postmates Inc. v. 10,356 Individuals*,
   Case No. 20-CV-2783-PSG-JEMx, 2021 WL 540155
   (C.D. Cal. Jan. 19, 2021) .........................................................................................................8

*Sink v. Aden Enterprises, Inc.*,
   352 F.3d 1197 (9th Cir. 2003) ...............................................................................................10

*Steffanie A. v. Gold Club Tampa, Inc.*,
   Case No. 8:19-CV-3097-T-33TGW, 2020 WL 4201948
   (M.D. Fla. July 22, 2020).........................................................................................................5

*Stengel v. Medtronic*,
   704 F.3d 1224 (9th Cir. 2013) (en banc) ................................................................9

*Wallrich v. Samsung Elecs. Am., Inc.*,
   Case No. 22-CV-5506, 2023 WL 5935024 (N.D. Ill. Sept. 12, 2023) ................................5, 6

*Waters v. Vroom Inc.*,
   Case No. 22-CV-1191-TWR-AGS, 2023 WL 187577
   (S.D. Cal. Jan. 13, 2023) ...........................................................................9

**Statutes**

9 U.S.C. § 3 ...............................................................................................5, 6

Cal. Civ. Proc. § 1281.97(b)(2) ............................................................................8

**Other Authorities**

AAA *Consumer Rules,* R-12 .....................................................................................7

Complaint,
   *McDaniel, et al. v. Home Box Office, Inc.*, 1:22-cv-01942-ER, ECF No. 1 ..............................4

Defendant's Motion to Compel Arbitration,
   *McDaniel, et al. v. Home Box Office, Inc.*, 1:22-cv-01942-ER, ECF No. 17 ............................4

S.B. 707, 2019-2020 Reg. Sess. (Cal. 2019), § 1(f) ........................................................10

**INTRODUCTION**

The Parties agree: each Petitioner entered into the AAA Arbitration Agreement with WarnerMedia, and the AAA Arbitration Agreement incorporates AAA's forum rules into it.

Petitioners complied with the Agreement by filing their arbitration demands with the AAA. And when they did so, the AAA ruled that WarnerMedia breached AAA's forum rules by refusing to pay to register the AAA Arbitration Agreement with the AAA.

Given WarnerMedia's breach of the AAA Arbitration Agreement, AAA was left with no other choice than to close each Petitioner's arbitration. But AAA was clear that it remained available to administer Petitioners' arbitrations upon voluntary or compelled compliance with its rules: "The AAA remains available to administer the parties' arbitrations upon WarnerMedia's compliance with our request to register its arbitration clause or per a court order compelling these matters to arbitration administered by the AAA or in accordance with our rules." ECF No. 14-18.

The Court should compel WarnerMedia to arbitrate in compliance with the AAA Arbitration Agreement, including by paying to register that Agreement with the AAA as required by the AAA rules. Furthermore, the Court should issue sanctions against WarnerMedia, as it failed to pay required arbitration fees for Petitioners to proceed with their arbitrations.

As set forth in Petitioners' Opposition to WarnerMedia's Cross-Motion to Compel Arbitration, WarnerMedia cannot escape liability by compelling arbitration pursuant to the NAM Arbitration Clause, which it proposed and Petitioners timely rejected. As Petitioners explain there, no Petitioner entered into the proposed NAM Arbitration Clause, ECF No. 67 at 10–16; each Petitioner timely rejected the proposed changes to the AAA Arbitration Agreement, *id.* at 16–19; AAA remains available to administer Petitioners' arbitrations, *id.* at 19–20; and, in all events, the NAM Arbitration Clause is unconscionable, *id.* at 20–25.

1

WarnerMedia's other arguments for resisting liability for breaching the AAA Arbitration Agreement all fail, too, as set forth below.

## ARGUMENT

**I.    The Court Has Authority To Compel WarnerMedia To Arbitrate In Accordance With The AAA Rules It Incorporated Into The AAA Arbitration Agreement**

The Court has authority under Section 4 of the FAA to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  9 U.S.C. § 4.

Here, that authority extends to an order directing WarnerMedia to comply with the AAA Rules.  The AAA Arbitration Agreement states:  "The arbitration will be governed by the Consumer Arbitration Rules ("AAA Rules") of the American Arbitration Association ("AAA")[.]"  That contractual agreement makes the AAA Rules a part of the Parties' AAA Arbitration Agreement.  *See, e.g.*, *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).  The Court therefore has authority to compel arbitration in accordance with the AAA Rules, just as it has authority to compel arbitration in accordance with the rest of the AAA Arbitration Agreement.

AAA Consumer Rule 12 requires WarnerMedia to pay AAA certain fees to register the AAA Arbitration Agreement on the AAA *Consumer Clause Registry*.  ECF No. 14-19 (AAA Consumer Arbitration Rules).[1]  Rule 12 requires businesses to notify the AAA about any forthcoming consumer contract they plan to issue that incorporates the AAA Rules.  *Id.*  That way, the AAA can proactively review the agreement for "material compliance with the due process standards contained in the *Consumer Due Process Protocol* and the *Consumer Arbitration Rules*."

---

[1] The AAA recently amended its *Consumer Arbitration Rules*, effective January 15, 2024.  The Reply will refer to the previous version of the *Consumer Arbitration Rules* throughout.

2

*Id.* An initial review costs $500, expedited review adds $250, and an annual fee of $500 is required for ongoing registration on AAA's *Consumer Clause Registry*. *See id.* at 36.[2]

Where, as here, the company has failed to register its arbitration agreement when a consumer arbitration demand is filed against it, Rule 12 requires the company to pay then for an expedited review and registry of the arbitration agreement:

> Along with any other filing fees that are owed for that case, the business also will be responsible for paying the nonrefundable review and Registry fee (including any fee for expedited review at the time of filing) for this initial review, which is detailed in the Costs of Arbitration section found at the end of these Rules.

R-12. That is precisely what AAA required WarnerMedia to do when Petitioners filed their arbitration demands against WarnerMedia. ECF No. 14-18. And WarnerMedia refused to comply. ECF No. 14-16.

The Court has authority under Section 4 of the FAA to compel WarnerMedia to arbitrate with Petitioners pursuant to the AAA Arbitration Agreement—including AAA Rule 12's command that WarnerMedia pay all filing fees, review fees, and registration fees to allow the AAA to review the AAA Arbitration Agreement, register it, and administer Petitioners' arbitrations. "By its terms, the [FAA] 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

---

[2] The AAA maintains the *Consumer Clause Registry*, which is a publicly available and searchable database. The *Registry* was "created to provide more access to information about the AAA's consumer arbitration services." AAA, *Consumer Clause Registry* (available at https://bit.ly/47WfKKH). It "contains a list of businesses that have submitted their consumer arbitration clauses with the AAA and where upon review the AAA has determined that the clause substantially and materially complies with the due process standards of the *Consumer Due Process Protocol*." *Id.*

3

Contrary to WarnerMedia's pretension otherwise (at 11–12), there is nothing extraordinary about the relief that Petitioners seek: an order compelling WarnerMedia "to proceed to arbitration in accordance with the terms of the agreement to arbitrate," including the AAA Rule 12 incorporated into it. The relief sought is straight out of the text of Section 4 of the FAA. And it is the same relief that WarnerMedia successfully sought against consumers when arbitration suited it. In the *McDaniel* matter, WarnerMedia compelled a putative class action to individual arbitration pursuant to the AAA Arbitration Agreement. Mot., *McDaniel, et al. v. Home Box Office, Inc.*, 1:22-cv-01942-ER, ECF No. 17 (S.D.N.Y. Apr. 29, 2022). That class action sought relief for WarnerMedia's violation of the Video Privacy Protection Act, *see* Compl., ECF No. 1, 1:22-cv-01942-ER—the same violation Petitioners asserted in their individual arbitration demands. And Petitioners were putative class members in the *McDaniel* action. *Id.* ¶ 87.

Now that the AAA Arbitration Agreement no longer suits it, WarnerMedia says that it has "no ongoing relationship" with the AAA—but that is of no moment. What matters is that the Parties entered into the AAA Arbitration Agreement; the existence of that Agreement entitles Petitioners to an order enforcing that Agreement. WarnerMedia cannot unilaterally withdraw from the AAA Arbitration Agreement by trying to sever its ties with the AAA. *See Edmondson v. Lilliston Ford Inc*, 722 F. App'x 251, 254–55 (3d Cir. 2018) (holding that the district court "properly 'direct[ed] the parties to proceed to arbitration in accordance with the terms of the agreement,'" even though the company had asserted that "it had 'severed its ties' with the AAA" and that it "did not have a relationship with the AAA at the time of the Agreement").

Next, WarnerMedia argues (at 12–13) that the Court lacks authority to compel WarnerMedia to comply with AAA Rule 12 because that Rule should be enforced by the arbitrator. But, as set forth above, the Court has authority to compel compliance with Rule 12 because the

4

Parties incorporated it into their AAA Arbitration Agreement. Furthermore, the whole point of the Petition is that WarnerMedia has made it impossible for Petitioners to get their disputes heard by an arbitrator because it breached the AAA Arbitration Agreement with its non-registration and non-payment of fees *before* the appointment of an arbitrator. "The fees are bound up in the right to arbitrate that the ADR tribunal governs[,]" and WarnerMedia must now pay the registration fees and proceed to arbitration. *Wallrich v. Samsung Elecs. Am., Inc.*, 2023 WL 5935024, at *13 (N.D. Ill. Sept. 12, 2023) (requiring Samsung to pay all fees as part of an order compelling arbitration).

WarnerMedia's third argument (at 13–14) is that the Court cannot compel arbitration because AAA has closed the arbitrations in accordance with its rules after WarnerMedia refused to comply with AAA's rules. That one is truly bizarre. Petitioners are seeking an order compelling arbitration precisely *because* WarnerMedia breached the AAA Arbitration Agreement, leading AAA to close their arbitrations. AAA specified that it was closing Petitioners' arbitrations because WarnerMedia had "failed to comply with the AAA's policies regarding consumer claims, as set forth in the Consumer Due Process Protocol (Protocol) and the Consumer Arbitration Rules (Rules), including the Costs of Arbitration." ECF No. 14-18. Petitioners are not asking the Court to second-guess AAA's determination that WarnerMedia breached AAA's rules; they are asking the Court to compel WarnerMedia to comply with AAA's determination of its rules.

That easily distinguishes the cases that WarnerMedia cites—cases where the company breached the arbitration agreement, the AAA closed the arbitrations, the individuals went back to court, the company moved to compel arbitration in accordance with the arbitration agreement it had breached, and the court refused to compel arbitration in the breaching party's favor because the breaching party was "in default" of the arbitration proceeding and therefore ineligible for relief. 9 U.S.C. § 3; *see Steffanie A. v. Gold Club Tampa, Inc.*, 2020 WL 4201948, at *5 (M.D. Fla. July

5

22, 2020) ("Defendants' failure to pay the AAA initial filing fee, in contravention of the Arbitration Provision within the parties' Agreement, was a 'default' as that term is used in Section 3 of the FAA. Accordingly, this Court will vacate its prior Order compelling [Plaintiff] to arbitration."); *Cota v. Art Brand Studios, LLC*, 2021 WL 4864588, at *9–*12 (S.D.N.Y. Oct. 15, 2021); ("Having chosen not to pay the arbitral fees and having taken action that it knew would result in the termination of the arbitration, Defendant acted inconsistently with its arbitration right . . . the Court denies Defendant's motion [to] compel arbitration."); *Eliasieh v. Legally Mine, LLC*, No. 18-CV-03622-JSC, 2020 WL 1929244, at *5 (N.D. Cal. Apr. 21, 2020) ("Defendant's nonpayment of fees and noncompliance with AAA's procedures resulted in termination of arbitration proceedings, Defendant is in material breach of the arbitration agreement and cannot compel Plaintiff to arbitrate his claims."). Here, WarnerMedia breached the AAA Arbitration Agreement, not Petitioners.

As for WarnerMedia's argument (at 14–15) that Petitioners cannot compel WarnerMedia to arbitrate in accordance with the AAA Arbitration Agreement because Petitioners can now sue in court, that option does not eliminate Petitioners' right to compel WarnerMedia to arbitration in accordance with the AAA Arbitration Agreement. As WarnerMedia acknowledges, Petitioners are entitled to an order compelling arbitration as long as "(1) . . . a valid agreement to arbitrate exists," and "(2) . . . the agreement encompasses the dispute at issue." Opp. at 12 (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). There is no third requirement that a court action be unavailable to Petitioners. *See Wallrich*, 2023 WL 5935024, at *7 ("Samsung declares that the Court may not compel arbitration (including its fees) because Petitioners are now entitled to proceed in Court from where Petitioners might attain an adequate remedy at law. The authorities Samsung cites, address different forms of relief than that sought

here. Because the FAA empowers this Court to compel arbitration, Samsung's arguments against specific performance remain inconsistent with the statute." (citations omitted)).

Petitioners have separately addressed WarnerMedia's argument (at 15–17) that Petitioners cannot compel arbitration pursuant to the AAA Arbitration Agreement because Petitioners purportedly have the option to arbitrate in accordance with a different arbitration agreement that they did not enter into. *See* Opp., ECF No. 67. As explained there, Petitioners did not enter into the proposed NAM Arbitration Clause, and they timely rejected any attempted changes to the AAA Arbitration Agreement. *Id.* at 10–19.

## II. The Court Should Grant Petitioners Relief Under Section 1281.97

Under California law, Petitioners are entitled to sanctions if "fees or costs to initiate an arbitration proceeding are not paid [by WarnerMedia] within 30 days after the due date." That standard is plainly met here.

The AAA *Consumer Rules* are expressly incorporated by reference by the AAA Terms WarnerMedia drafted. The Rules in turn provide that, where an arbitration clause is not on the AAA's Registry and "a consumer arbitration then is filed" . . . , the AAA will conduct an expedited review [of the clause]" and the business must pay "the nonrefundable review and Registry fee (including any fee for expedited review *at the time of filing*) for this initial review." R-12 (emphases added). By its plain text, the Rules render the registry and review fees due at the time the consumer files the arbitration demand. Thus, WarnerMedia was required to pay the registration and review fee, that fee was necessary to "initiate an arbitration," and WarnerMedia refused to pay the fee (specifically because it wanted to prevent the arbitrations from being initiated).

At the very latest, the registration and review fees became due on August 11, 2023, when the AAA gave written notice to the Parties that WarnerMedia was in default of its payment obligations under the *Consumer Rules* because of its refusal to pay fees to register the AAA

7

Arbitration Agreement with the AAA. ECF No. 14-18. If those fees were not already overdue by then, at a minimum they became due that day. *But see Dekker v. Vivint Solar, Inc.*, 479 F. Supp. 3d 834, 839 (N.D. Cal. 2020) (finding that it would "subvert the whole point of [Section 1281.97]" if the 30-grace period could be postponed by unilateral action of the arbitral forum).

Petitioners filed this Petition on September 12, 2023. WarnerMedia still has not paid the registration and review fees. And AAA has refused to proceed with Petitioners arbitrations because of WarnerMedia's refusal to pay those fees (just as WarnerMedia intended). Accordingly, Petitioners "may . . . compel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration." Cal. Civ. Proc. § 1281.97(b)(2). This Petition presents a straightforward application of that statute. "[T]he language of section 1281.97 is unambiguous . . . . . [T]he triggering event is nothing more than nonpayment of fees within the 30-day period—the statute specified no other required findings, such as whether the nonpayment was deliberate or inadvertent." *Espinoza v. Superior Ct.*, 83 Cal. App. 5th 761, 776, 299 Cal. Rptr. 3d 751, 759 (2022). That means that Petitioners are entitled to arbitrations "in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration." Cal. Civ. Proc. § 1281.97(b)(2).

California law is not preempted by the FAA because, as courts have repeatedly held, the law promotes arbitration, instead of interfering with it: "the FAA does not preempt state laws that make arbitration *more effective* by providing targeted remedies *in aid* of arbitration." *Postmates Inc. v. 10,356 Individuals*, 2021 WL 540155, at *8 (C.D. Cal. Jan. 19, 2021). California law aids arbitration by incentivizing compliance with arbitration agreements on threat of sanctions when "the drafting party drags its feet." *Id.* "Thus, rather than render arbitration agreements invalid, SB 707 [codified in § 1281.97] encourages their prompt enforcement by expanding the remedies available to parties seeking to enforce their rights through arbitration in an efficient manner." *Id.*

8

Tellingly, WarnerMedia's caselaw for preemption announces itself as taking the minority view: "*every court* considering the issue to date has found that the FAA does not preempt CCP Section 1281.97." *Belyea v. GreenSky, Inc.*, 637 F. Supp. 3d at 756 (emphasis added) (collecting cases). For good reason: the *Belyea* court mischaracterizes Section 1281.97 as "mak[ing] arbitration provisions unenforceable on arbitration-specific grounds." *Belyea*, 637 F. Supp. 3d at 756. On the contrary, Section 1281.97 on its face seeks to make arbitration provisions enforceable (on threat of sanctions), not unenforceable. Moreover, *Belyea* is easily distinguishable because the plaintiffs in that case were asking the court to *invalidate* the arbitration clause between the parties. Here, Petitioners are not seeking to "make arbitration provisions unenforceable on arbitration-specific grounds." *Id.* To the contrary, Petitioners are attempting to *enforce* the arbitration agreement between the parties in a manner that creates no conflict with the parties' agreement or the FAA. Thus, as applied in this case, there can be no argument that Section 1281.97 is preempted. "Parties seeking to invalidate a state law based on preemption 'bear the considerable burden of overcoming the starting presumption that Congress does not intend to supplant state law.'" *Stengel v. Medtronic*, 704 F.3d 1224, 1227–28 (9th Cir. 2013) (en banc) (quoting *De Buono v. NYSA–ILA Med. & Clinical Servs. Fund*, 520 U.S. 806, 814 (1997)). WarnerMedia has not met that burden here.

Neither the New York choice-of-law provision nor the FAA-invocation provision defeats these California Petitioners' rights to this relief under California law. Petitioners are all California consumers who are entitled to arbitrations in their home county under the AAA Arbitration Agreement. *See* ECF Nos. 14-1, 14-2, 14-3. The seat of their arbitrations will be in California, *see* ECF Nos. 14-11, 14-12, 14-13, 14-14, 14-15, and California procedural law (including California arbitration law) will govern these California arbitrations. *See Waters v. Vroom Inc.*,

9

2023 WL 187577, at *1–2, *5 n.5 (S.D. Cal. Jan. 13, 2023) (holding "misguided" the defendant's argument that the California Arbitration Act did not govern in light of the contract's Texas choice-of-law provision and FAA-invocation provision because "the purchase agreement between the Parties elects Texas law as the substantive law to be applied in any dispute, [but] a 'general choice of law clause, without more, does not show that the parties intended to incorporate state procedural rules on arbitration'"). It is well-established that "[t]he FAA sits *atop* state law—it does not wholly displace it." *Dekker*, 479 F. Supp. 3d at 838 (finding that sanctions under the California Arbitration Act were warranted even where the contract specified that it was governed by the FAA), *rev'd on other grounds*, 2021 WL 4958856 (9th Cir. Oct. 26, 2021). As stated by the *Dekker* court, "it was the intent of the [California] legislature to better *enforce* the federal policy of fast and inexpensive dispute resolution[,]" 479 F. Supp. 3d at 838, when it enacted the CAA. In enacting S.B. 707, the California legislature clearly expressed an intent for the law to apply in federal court, stating that the law was meant "to affirm the decisions in *Armendariz v. Foundation Health Psychcare Services, Inc.*[, 24 Cal. 4th 83 (2000)], *Brown v. Dillard's, Inc.*[, 430 F.3d 1004 (9th Cir. 2005)], and *Sink v. Aden Enterprises, Inc.*[, 352 F.3d 1197 (9th Cir. 2003)] that a company's failure to pay arbitration fees pursuant to a mandatory arbitration provision constitutes a breach of the arbitration agreement and allows the non-breaching party to bring a claim in court." S.B. 707, 2019–2020 Reg. Sess. (Cal. 2019), § 1(f).

## **CONCLUSION**

The Court should compel WarnerMedia to arbitration in accordance with the AAA Arbitration Agreement, including AAA Rule 12, which requires WarnerMedia to pay all fees associated with the review and registry of the AAA Arbitration Agreement. The Court should further order WarnerMedia to pay Petitioners' attorneys' fees and costs in the ensuing arbitrations.

| | |
|---|---|
| Date: January 19, 2024 | */s/ Patrick A. Huber* |

**KELLER POSTMAN LLC**

Warren D. Postman (*pro hac vice* forthcoming)
Albert Y. Pak (admission papers forthcoming)
1100 Connecticut Ave, N.W. Suite 1100
Washington, D.C. 20036
Telephone:  202-918-1123

Patrick A. Huber (Bar No. 5831045)
150 North Riverside Plaza, Suite 4100
Chicago, IL 60606
Telephone:  312-280-5790

**DAVIS & NORRIS, LLP**

Frank Davis (*pro hac vice* forthcoming)
Wesley W. Barnett (*pro hac vice* forthcoming)
Dargan Ware (*pro hac vice* forthcoming)
The Bradshaw House
2154 Highland Avenue
Birmingham, AL 35205
Telephone: 205-930-9976

*Attorneys for Petitioners*