SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001-8602
———
TEL: (212) 735-3000
FAX: (212) 735-2000
WWW.SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3529
DIRECT FAX
(212) 777-3529
EMAIL ADDRESS
MICHAEL.MCTIGUE@SKADDEN.COM

August 15, 2024



**VIA ECF FILING**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Re:   *Brooks v. WarnerMedia Direct, LLC*, No. 1:23-cv-11030-KPF

Dear Judge Failla:

We represent Respondent WarnerMedia Direct, LLC ("Warner") in this action. Pursuant to Local Civil Rule 37.2 and Rule 3(C) of Your Honor's Individual Rules of Practice, we respectfully request a discovery conference to address Petitioners' refusal to comply with their discovery obligations in this action.

### 1. The Court Permitted Warner To Take Discovery To Ascertain Whether Petitioners Assented To Warner's Current Arbitration Agreement

This action arises from a petition to compel arbitration. Warner agrees that arbitration of the underlying dispute is required, but has cross-moved to compel arbitration before the arbitration provider specified by its current arbitration agreement.

On July 8, 2024, the Court deferred ruling on the petition and on Warner's cross-motion, holding that there was "a disputed issue of fact" as to whether Petitioners had agreed to Warner's current arbitration agreement. (ECF No. 81, at 2.) The Court authorized Warner to take discovery addressed to that question, and ordered the parties to submit supplemental memoranda of law on that issue by September 6, 2024. (*Id*. at 47.)

### 2. Warner Propounded Narrow Discovery Requests Targeting That Issue

On July 12, 2024, Warner served narrow, targeted written discovery requests on Petitioners consisting of eight interrogatories and five requests for production. (*See* Exs. 1-3.) Those requests were designed to obtain information within Petitioners' possession that would either (i) directly reveal whether Petitioners assented to Warner's current arbitration agreement or (ii) permit Warner

Hon. Katherine Polk Failla
August 15, 2024
Page 2

to effectively search its own records for evidence relevant to that question. Warner also requested that Petitioners' Counsel provide dates on which their clients would be available for short depositions during the week of August 26–30, 2024.

3. **When Petitioners Refused To Identify Convenient Dates For Depositions, Warner Issued Notices For Short Depositions At A Location Convenient To Petitioners**

On July 24, 2024, Petitioners' Counsel advised that they were preparing written responses to Warner's discovery requests and that they would <u>not</u> provide dates for depositions, asserting that "depositions would be cumulative" in light of the forthcoming responses. (Ex. 4 at 1.)

Obviously, Warner could not agree that depositions would be cumulative in light of discovery responses that it had not seen (and would not see for weeks). In view of Petitioners' unwillingness to provide dates, and in view of the limited time permitted for discovery, Warner issued deposition notices for each Petitioner, with each deposition lasting no more than two to three hours and set to proceed in Los Angeles, near where these Petitioners live. (*See* Ex. 5.)

4. **Petitioners Provided Only Short, Self-Serving Declarations In Response To Warner's Narrowly Targeted Requests**

On August 12, 2024, the last day for Petitioners to respond to the requests, each Petitioner provided a declaration setting forth only (i) the Petitioner's email addresses; (ii) their physical addresses; (iii) a list of their household members (with only two Petitioners providing email addresses for some, but not all, of those members); and (iv) a statement, identical for each Petitioner, averring that "[t]o the best of my knowledge, from December 20, 2022, to the present, I have never been an 'authorized user' on any other person's HBO Max or Max account and therefore have never used the HBO Max or Max platform as an 'authorized user' on any other person's HBO Max or Max account." (Ex. 6 (compilation of declarations).)

Petitioners otherwise objected to Warner's requests and stated that they "will not be producing any other" responses. (*See* Ex. 7 at 6-11; Ex. 8 at 4-8.)

5. **Petitioners Refused To Provide Any Further Discovery Responses Unless Warner Withdrew Its Deposition Notices**

On August 14, 2024, Warner's Counsel and Petitioners' Counsel met and conferred by videoconference to discuss the parties' discovery dispute. Warner asked that Petitioners promptly provide the following documents and information that were requested in Warner's discovery requests so that Warner can effectively depose each Petitioner (or determine that it can forego deposition of that Petitioner):

(i) a list of internet-enabled devices used by the Petitioner, so that Warner could determine whether those devices were used to access HBO Max or Max (Ex. 2, at 2 (Interrogatory No. 4));

Hon. Katherine Polk Failla
August 15, 2024
Page 3

    (ii)    a list of the occasions on which the Petitioner accessed or streamed content on HBO Max or Max, regardless of whether on their own account, as an authorized user on another person's account, or otherwise (Ex. 2, at 2-3 (Interrogatory Nos. 5-6));

    (iii)    the Petitioner's internet browser history, which Warner suggested could be limited to any access to hbomax.com or max.com (Ex. 3, at 1 (Req. for Prod. No. 1));

    (iv)    documents of any payments by the Petitioner to Warner either directly or through a third party (*e.g.*, a cable TV provider) (Ex. 3, at 2 (Req. for Prod. No. 2)); and

    (v)    any communications with Warner (Ex. 3, at 4 (Req. for Prod. No. 4)).

Petitioners presumably have preserved those documents and information for use in litigating their claims against Warner. Yet, Petitioners' Counsel stated that Petitioners would not provide any further information unless Warner was willing to withdraw its notices of deposition.

**6. Petitioners Should Be Required To Provide Adequate Responses To Warner's Targeted Discovery Requests And To Appear For Short Depositions**

Petitioners cannot fulfill their discovery obligations by providing only minimal responses to Warner's requests accompanied by self-serving statements that "[t]o the best of [their] knowledge" they do not recall being an authorized user on another person's account.[1] Accordingly, Warner respectfully requests that the Court set an informal conference to address Petitioners' refusal to provide the discovery identified above and their refusal to appear for short depositions.

Should this Court compel Petitioners' responses and require Petitioners to appear for depositions, Warner also respectfully requests that the Court extend the briefing deadline by 21 days, from September 6 to September 27, to allow sufficient time to complete that discovery.

                                                    Respectfully submitted,

                                                    Michael W. McTigue Jr.

---

[1] *Howlan v. Hireright Sols., Inc.*, No. 6:10-CV-1094 MAD/ATB, 2011 WL 2975515, at *4 (N.D.N.Y. July 21, 2011) ("Summary judgment cannot be granted based solely on the self-serving affidavit of an officer of defendant who had not been deposed"); *S. W.B. New England, Inc. v. R.A.B. Food Group, LLC*, 2007 WL 1753067, at *3 (S.D.N.Y.2007) (declining to grant summary judgment on basis of defendant's affidavits where plaintiff had no opportunity to conduct depositions: "plaintiff should have the opportunity to pursue its claim against [defendant] by issuing the necessary subpoenas, deposing relevant witnesses, and taking any other discovery necessary to support its claim").

The Court is in receipt of Respondent's above letter motion and Petitioners' letter response.  (Dkt. #86, 87).

Previously, the Court found that more evidence was needed to determine whether Petitioners assented to the NAM Agreement and ordered discovery regarding the same.  (Dkt. #81).  The Court does not believe that Petitioners' declarations provide sufficient information. Accordingly, the Court ORDERS Petitioners to provide substantive responses to Respondent's eight interrogatories and five requests for production on or before **September 12, 2024.**  Request for Production No. 1 shall be limited to any access to hbomax.com or max.com.  The Court further ORDERS Petitioners to identify convenient dates for depositions to occur on or before **September 27, 2024.**

The Court, having clarified the scope of discovery regarding the question of assent, hereby DENIES, at this time, the request for an informal conference to address this discovery dispute.  This request may be renewed in the event that Plaintiffs fail to comply with this Order.

The Court further GRANTS the request to extend the briefing deadline from September 6, 2024, to **October 11, 2024.**

The Clerk of Court is directed to terminate the pending motion at docket entry 86.

Dated:     August 29, 2024             SO ORDERED.
           New York, New York

                                       *Katherine Polk Failla*

                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE