Skadden, Arps, Slate, Meagher & Flom LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001-8602
———
TEL: (212) 735-3000
FAX: (212) 735-2000
WWW.SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3529
DIRECT FAX
(212) 777-3529
EMAIL ADDRESS
MICHAEL.MCTIGUE@SKADDEN.COM

October 11, 2024

<u>**VIA ECF FILING**</u>

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

   Re:  <u>*Brooks v. WarnerMedia Direct, LLC*</u>, No. 1:23-cv-11030-KPF

Dear Judge Failla:

  We represent Respondent WarnerMedia Direct, LLC ("Warner") in this action. Pursuant to Rule 9(C)(ii) of Your Honor's Individual Rules of Practice, we seek leave to file under seal (i) the accompanying letter to Your Honor dated October 11, 2024; (ii) a letter from Warner's Counsel to Petitioners' Counsel dated September 18, 2024; and (iii) an email chain between counsel for the parties dated from September 18 to 20, 2024.

  The materials that we seek leave to file under seal relate to Warner's decision to withdraw the deposition notice for Petitioner Courtney Walker. The materials include personally sensitive information relating to Ms. Walker. Warner's undersigned counsel notified Petitioners' Counsel that it would bring this letter motion to seal these materials on September 24, 2024.

  The attached materials may properly be sealed. In determining whether the common law right of public access to judicial documents is applicable, the Court "must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If the Court determines that such documents are "judicial documents," it "must determine the weight of that presumption." *Id*. Generally, "the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id*. (citation omitted). Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it," including "the privacy interests of those resisting disclosure." *Id*. at 120 (citation omitted). Here, those factors weigh in favor of sealing.

  ***First***, as will be evident from the sealed materials, this information and these documents are not subject to the presumptive right of access to judicial documents, because these materials

Hon. Katherine Polk Failla
October 11, 2024
Page 2

do not have the "tendency to influence [this Court's] ruling on a motion or in the exercise of its supervisory powers." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) ("if in applying these standards, a court determines that documents filed by a party are *not* relevant to the performance of a judicial function, no presumption of public access attaches" (emphasis in original)). Warner does not cite these documents in support of its Supplemental Brief, nor does Warner rely on them for any requests relating to the Court's supervisory functions. Warner is only providing these materials to explain its decision to forgo the deposition of Ms. Walker after having moved this Court to compel this deposition, and the Court need not reference those materials in making any decision. *See Freeman v. Deebs-Elkenaney*, No. 22-CV-02435 (LLS) (SN), 2024 WL 3634738, at *13 (S.D.N.Y. Aug. 1, 2024) ("The Court does not rely on any early Wolff drafts in either of the decisions it issues today, and accordingly, such drafts do not qualify as judicial documents."); *United States v. Sours Edwards*, No. 1:19-CR-00064-GHW, 2020 WL 6151300, at *6 (S.D.N.Y. Oct. 20, 2020) ("the mere fact that they were submitted to the Court is not sufficient to make them judicial documents").

**Second**, even if these materials were considered "judicial documents," the weight of the presumption is very low, and the privacy interests of Ms. Walker outweigh the right of public access to judicial documents. The materials concern personal matters germane only to Ms. Walker and Warner's decision not to depose Ms. Walker following its discovery of those facts. Such information, especially when not relevant to the motion before the Court, is routinely protected from public disclosure. *See, e.g.*, *Jean v. City of New York*, CV-09-801 (RJD) (VVP), slip op. at 1 (E.D.N.Y. Feb. 9, 2010) ("The redacted material is irrelevant to the issues here, and contains sensitive and confidential information that should not be disclosed without good reason.").

Accordingly, Warner respectfully requests that the materials filed under seal remain under seal.

Respectfully submitted,

Michael W. McTigue Jr.

cc:   All counsel of record (via ECF filing)