# Keller | Postman

November 1, 2024

VIA ECF

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Mashall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

> Re:   Submission of new authority on matters pending in *Brooks v. WarnerMedia Direct, LLC,* No. 1:23-cv-11030-KPF

Dear Judge Failla,

Petitioners submit with this letter the recent Ninth Circuit decision in *Heckman v. Live Nation Entertainment, Inc.*, ___ F.4th ___, No. 23-55770, 2024 WL 4586971 (9th Cir. Oct. 28, 2024), which is new authority supporting Petitioners' pending request that the Court compel arbitration pursuant to the AAA Agreement instead of the NAM Agreement.

The corporate defendants in *Heckman* initially faced a class action lawsuit that they successfully compelled to individual arbitration.  2024 WL 4586971, at *3.  During that effort, they "foresaw that if their motion to compel . . . were granted, they would be faced with a large number of parallel individual claims."  *Id*.  So, they "sought to gain in arbitration some of the advantages of class-wide litigation while suffering few of its disadvantages" by sending consumers' accrued claims to a new handpicked forum and imposing new rules designed to prejudice those claims.  *Id*.  WarnerMedia deployed the same tactics here.  ECF No. 94 at 5.

The Ninth Circuit Court of Appeals saw through those tactics and held in *Heckman* that the defendants' new arbitration agreement was unconscionable under California law in multiple respects.  2024 WL 4586971, at *5-14.  At least three important lessons from *Heckman* apply here.

First, where the drafter retains a right to modify an arbitration agreement unilaterally in a manner that applies "not only prospectively but also retroactively" to accrued claims, that is "procedurally unconscionable under California law."  *Id*. at *7 (citing *Peleg v. Neiman Marcus Grp., Inc.*, 204 Cal. App. 4th 1425, 1433 (2012)).  The NAM Agreement—which purports to apply retroactively to accrued claims, ECF No. 14-4 at 40, in specific violation of the opt-out right Petitioners held and exercised under the earlier AAA Agreement, ECF No. 14-3 at 38-39 —is thus procedurally unconscionable.  *See Heckman*, 2024 WL 4586971, at *7.  *Heckman*, which involved consumer claims, also clarified that *Peleg* applies in the consumer context.  *Id*. at * 2.

Keller | Postman

Second, an arbitration agreement is substantively unconscionable when it contains even a *facially mutual* right which is nonmutual in practice. *Id*. at *10. The agreement in *Heckman* contained a facially mutual right to appeal grants, but not denials, of injunctive relief, and the court concluded that the provision was unconscionable because "only plaintiffs are likely to pursue injunctive relief, [so] the right to appeal an award of injunctive relief . . . is functionally reserved for Defendants." *Id*. The NAM Agreement, by contrast, does not even purport to hide the nonmutuality of the "mass filings" provision, which applies only to consumers who raise "similar claims" through "the same or coordinated counsel." ECF No. 14-4 at 41-45. This procedure is transparently designed to impose a chilling effect and to deter consumers from finding counsel willing or able to bring their claims at all. ECF No. 94 at 5 (citing *Pandolfi v. AviaGames, Inc.*, No. 3:23-cv-05971, 2024 WL 4051754, at *4-7, *11 (N.D. Cal. Sept. 4, 2024)).

Third, where an agreement provides for something other than traditional, bilateral arbitration, it loses the protection of the FAA and, to the extent it also contains a class waiver, is invalid in California under *Discover Bank v. Superior Court*, 113 P.3d 1100, 1110 (Cal. 2005). *Heckman*, 2024 WL 4586971, at *13-14. This is an "alternate and independent ground" for an agreement's invalidity without resort to the normal California unconscionability analysis. *Id*. at *13. Here, the NAM Agreement contains a class waiver, ECF No. 14-4 at 34, yet also requires the type of "delay-laden staged arbitration process," ECF No. 67 at 28, that *Heckman* condemns:

> The Supreme Court has consistently disparaged the use of aggregation in arbitration. A switch from bilateral to aggregative arbitration "sacrifices the principal advantage of arbitration—its informality—and makes the process slower, more costly, and more likely to generate procedural morass than final judgment."

2024 WL 4586971, at *13 (citations omitted). The NAM Agreement's departure from "traditional arbitral practice" strips it of FAA protection and, because the NAM Agreement also includes a class waiver, renders it unconscionable under California law. *See id*. at *13-14.

The Court should compel arbitration pursuant to the AAA Agreement. As *Heckman* confirms, *Peleg* controls, ECF No. 94 at 15-17, but the NAM Agreement is also unconscionable and unenforceable under California law in multiple other respects, ECF No. 67 at 25-30.

Sincerely,

*Albert Pak*

Albert Y. Pak

2