UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARCUS BROOKS, KATHARINE GUZENSKI, RODRIGO MALDONADO, CANDIDA ORTIZ, and COURTNEY WALKER, :

Petitioners, : No. 1:23-cv-11030-KPF

- against - :

WARNERMEDIA DIRECT, LLC, :

Respondent. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONDENT WARNERMEDIA DIRECT, LLC'S RESPONSE TO PETITIONERS' SUPPLEMENTAL MEMORANDUM OF LAW**

Michael W. McTigue Jr.
(Michael.McTigue@skadden.com)
Meredith C. Slawe
(Meredith.Slawe@skadden.com)
SKADDEN ARPS SLATE
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Respondent WarnerMedia Direct, LLC*

Dated: New York, New York
November 4, 2024

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT....1

ARGUMENT....1

I. PETITIONERS DID NOT SEEK RECONSIDERATION OF THE COURT'S ORDER AND THEIR REHASHED ARGUMENTS SHOULD BE STRUCK....1

II. THE UPDATED TERMS ARE ENFORCEABLE AS TO PETITIONERS ORTIZ, MALDONADO, AND GUZENSKI....3

III. THERE IS NO BASIS FOR SANCTIONS UNDER SECTION 1281.97....7

CONCLUSION....8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anoke v. Twitter, Inc.*,
No. A168675, 2024 WL 4230621 (Cal. Ct. App. Aug. 27, 2024), *as modified* (Sept. 18, 2024) ....8

*Arias v. United States*,
No. 13 Civ. 8542 HBP, 2014 WL 5004409 (S.D.N.Y. Sept. 29, 2014) ....6

*Belton v. Comcast Cable Holdings, LLC*,
151 Cal. App. 4th 1224 (2007) ....6

*Berman v. Freedom Financial Network, LLC*,
30 F.4th 849 (9th Cir. 2022) ....5

*Brooks v. WarnerMedia Direct, LLC*,
No. 23 CIV. 11030 (KPF), 2024 WL 3330305 (S.D.N.Y. July 8, 2024) ....2, 3

*Cho v. Blackberry Ltd.*,
991 F.3d 155 (2d Cir. 2021) ....3

*Cobb v. Ironwood Country Club*,
233 Cal. App. 4th 960 (2015) ....7

*EEOC v. Bloomberg L.P.*,
778 F. Supp. 2d 458 (S.D.N.Y. 2011) ....6

*Evolution Fast Food One, LP v. HVFG, LLC*,
No. 15-CV-06624 (JLR), 2024 WL 1054362 (S.D.N.Y. Mar. 11, 2024) ....3

*Garcia v. ISS Facility Services, Inc.*,
855 F. App'x 338 (9th Cir. 2021) ....4

*Grey v. American Management Services*,
204 Cal. App. 4th 803 (2012) ....4, 5

*Guz v. Bechtel National Inc.*,
24 Cal. 4th 317 (2000) ....6

*Hernandez v. Sohnen Enterprises, Inc.*,
102 Cal. App. 5th 222 (2024), *reh'g denied* (June 3, 2024), *review granted* (Aug. 21, 2024) ....7

*Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*,
379 F.3d 159 (5th Cir. 2004) ....5

*Kim v. Allison*,
87 F.4th 994 (9th Cir. 2023) ....................7

*Laster v. T-Mobile USA, Inc.*,
No. 05cv1167 DMS (AJB), 2008 WL 5216255 (S.D. Cal. Aug. 11, 2008), *aff'd sub nom. Laster v. AT & T Mobility LLC*, 584 F.3d 849 (9th Cir. 2009), *rev'd on other grounds sub nom. AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) ...........6

*McGucken v. Newsweek LLC*,
No. 19 CIV. 9617 (KPF), 2020 WL 6135733 (S.D.N.Y. Oct. 19, 2020) ....................3

*In re National Football League's Sunday Ticket Antitrust Litigation*,
No. ML15-2668 PSG (JEMx), 2021 WL 2350814 (C.D. Cal. Apr. 20, 2021)....................6

*Peleg v. Neiman Marcus Group, Inc.*,
204 Cal. App. 4th 1425 (2012) ....................7

*Russell v. Siemens Industry Software Inc.*,
No. 23-CV-03884-LJC, 2024 WL 4545970 (N.D. Cal. Oct. 21, 2024) ....................8

*Russell v. Wyndham Vacation Resorts, Inc.*,
No. 22-CV-0880-L-DDL, 2023 WL 139803 (S.D. Cal. Jan. 9, 2023) ....................8

*SEC v. Xia*,
No. 21-CV-5350 (PKC) (RER), 2022 WL 2784871 (E.D.N.Y. July 15, 2022)....................2

*In Re Shelby Bates*,
No. CPF-24-518617 (Cal. Sup. Ct., S.F. Cnty. Oct. 3, 2024)....................7

*Solis v. Sohnen Enterprises, Inc.*,
No. B323296, 2024 WL 2345367 (Cal. Ct. App. May 23, 2024), *reh'g denied* (June 3, 2024), *review granted* (Aug. 21, 2024)....................8

*Tompkins v. 23andMe, Inc.*,
840 F.3d 1016 (9th Cir. 2016) ....................6

*Uttarwar v. Lazard Asset Management LLC*,
No. 22 CIV. 8139 (DEH), 2024 WL 1500980 (S.D.N.Y. Mar. 22, 2024) ....................2

**STATUTES**

Cal. Civ. Proc. Code § 1281.97 ....................1

Cal. Civ. Proc. Code § 1281.97(a)(2) ....................8

Cal. Civ. Proc. Code § 1856(a) ....................4

**RULES**

Local Civil Rule 6.3 ....................1

**OTHER AUTHORITIES**

*Oropeza v. Uber Tech., Inc.,* No. 20STCV28084 (Cal. Super. Ct., L.A. Cnty. May 26, 2021) (Reply Ex. 4)....................7

*Oropeza v. Uber Tech., Inc.,* No. 20STCV28084 (Cal. Super. Ct., L.A. Cnty. May 26, 2021) (Reply Ex. 5 at 5-6 (*Oropeza* Motion to Compel)) ....................7

## PRELIMINARY STATEMENT[1]

Petitioners' Supplemental Memorandum of Law ( "Pet. Supp.," ECF No. 94) reargues their previous contentions on the enforceability of the Updated Terms and improperly renews their meritless request for sanctions. (Pet. Supp. at 11-15.) The Court should strike those arguments as an improper attempt at a motion for reconsideration filed well-outside the prescribed 14-day period for such motions. Petitioners' renewed request for sanctions also falls outside the permitted scope of supplemental briefing. In any event, Petitioners' revisited arguments should be rejected:

***First***, the Purported Opt-Outs do not negate the actions that Petitioners Ortiz, Maldonado, and Guzenski took to unambiguously manifest their assent to the Updated Terms. The Updated Terms expressly superseded the previous Terms, including the provision of the prior Terms permitting Petitioners to opt out of changes to the arbitration clause.

***Second***, retroactive application of the Updated Terms does not violate the covenant of good faith and fair dealing implied under California law because the Updated Terms were not put in place in a manner that renders them unconscionable.

***Third***, Petitioners' request for sanctions under California Code of Civil Procedure § 1281.97 ("Section 1281.97") remains meritless: that statute is preempted by the FAA and California procedural law does not govern the Updated Terms. Even if Section 1281.97 did govern, it would not apply by its plain terms because no invoice was issued by the AAA.

## ARGUMENT

### I. PETITIONERS DID NOT SEEK RECONSIDERATION OF THE COURT'S ORDER AND THEIR REHASHED ARGUMENTS SHOULD BE STRUCK

Under Local Civil Rule 6.3(a), "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged." Here, pages 11-14 of

---

1 Capitalized terms have the meanings ascribed to them in Respondent's Supplemental Brief ("Resp. Supp.," ECF No. 89).

Petitioners' Supplemental Memorandum improperly seek reconsideration of this Court's rulings on the enforceability of the Updated Terms, even though the 14-day window for seeking reconsideration closed long ago:

| ***This Court held***: | ***Petitioners now seek reconsideration***: |
|---|---|
| "Petitioners could not reject the December 2022 Terms via letter and then continue to use the HBO Max platform without those terms applying to them. Accordingly, the rejection letters do not alter the Court's analysis herein." *Brooks v. WarnerMedia Direct, LLC*, No. 23 CIV. 11030 (KPF), 2024 WL 3330305, at *15 (S.D.N.Y. July 8, 2024). | "[E]ach Petitioner served written notice rejecting WarnerMedia's proposed modifications to the arbitration procedures . . . These letters establish the absence of assent irrespective of what new theories WarnerMedia offers." (Pet. Supp. at 11.) |
| "The Court does not agree that the NAM Agreement's retrospective application renders it unconscionable. . . . The cases Petitioners cite in support of their position each deal with arbitration agreements in employment contracts, not consumer contracts." *Brooks*, 2024 WL 3330305, at *17. | "California's implied covenant of good faith and fair dealing bars unilateral modifications like the one WarnerMedia tries . . . the Court should recognize *Peleg*'s and *Cobb*'s applicability even though this is a consumer case." (Pet. Supp. at 12.) |

Those arguments are untimely, and should be struck. *SEC v. Xia*, No. 21-cv-CV-5350 (PKC) (RER), 2022 WL 2784871, at *2 (E.D.N.Y. July 15, 2022) (striking sur-reply where defendants "overlook[ed] the rule that 'repetition of arguments made in prior submissions will not be condoned and is scrupulously to be avoided'" (citation omitted)); *see also Uttarwar v. Lazard Asset Mgmt. LLC*, No. 22 CIV. 8139 (DEH), 2024 WL 1500980, at *4 (S.D.N.Y. Mar. 22, 2024) (declining to revisit plaintiff's arguments made in later-filed opposition to a motion for sanctions where "Plaintiff did not file a motion for reconsideration after that Order, and he does not explain why reconsideration would be timely or otherwise appropriate now," and concluding that "[t]he Court sees no reason to disturb the law of the case now").

Here, this Court ordered narrow supplemental briefing on "limited, targeted discovery into Petitioners' assent" that "interpret[ed] their findings in view of the Court's analysis herein." *Brooks*, 2024 WL 3330305, at *19. Petitioners' arguments that the Updated Terms are

unenforceable and that sanctions should be imposed are outside the scope of that order: those arguments do not rely on **any** new evidence gleaned from discovery and make arguments directly **contrary** to the "Court's analysis." *Id. See Evolution Fast Food One, LP v. HVFG, LLC*, No. 15-CV-06624 (JLR), 2024 WL 1054362, at *3 n.2 (S.D.N.Y. Mar. 11, 2024) (declining to consider requests for judicial notice "which f[e]ll outside the limited scope of the supplemental briefing ordered.").

If the Court nonetheless considers Petitioners' rehashed arguments it should do so under the standard applicable to a motion for reconsideration, which is "strict." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). "'Such a motion should not be made to reflexively [ ] reargue those issues already considered when a party does not like the way the original motion was resolved.' . . . 'Compelling reasons for granting a motion for reconsideration are limited to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *McGucken v. Newsweek LLC*, No. 19 CIV. 9617 (KPF), 2020 WL 6135733, at *2 (S.D.N.Y. Oct. 19, 2020) (Failla, J.) (alterations in original) (citations omitted). Here, Petitioners' Supplemental Memorandum does not establish this Court made a "clear error" by failing to consider any facts or controlling law raised in their prior Opposition. *McGucken*, 2020 WL 6135733, at *3 ("[t]here was thus no clear error in the Court's prior Opinion warranting reconsideration" where party did not "offer any 'controlling decisions or data' . . . that this Court overlooked in its prior Opinion" (citation omitted)).

## II. THE UPDATED TERMS ARE ENFORCEABLE AS TO PETITIONERS ORTIZ, MALDONADO, AND GUZENSKI

Petitioners' renewed arguments that (i) the Updated Terms are invalid under California law and (ii) the Purported Opt-Outs somehow negate Petitioners Ortiz, Maldonado, and Guzenski's unambiguous manifestation of assent to the Updated Terms should again be rejected:

***First***, Petitioners Ortiz, Maldonado, and Guzenski's Purported Opt-Outs must be

disregarded because the Updated Terms expressly supersede all provisions of the arbitration agreement in the Superseded Terms, including the provision Petitioners rely upon to assert they rejected the Updated Terms. Under California law, "an agreement is integrated, and thereby supersedes any prior oral or written agreements between the parties, if 'the parties intended their writing to serve as the exclusive embodiment of their agreement.'" *Garcia v. ISS Facility Servs., Inc.*, 855 F. App'x 338, 339 (9th Cir. 2021). Further, "the terms of a final, integrated contract 'may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement.'" *Grey v. Am. Mgmt. Servs.*, 204 Cal. App. 4th 803, 807 (2012) (quoting Cal. Civ. Proc. Code § 1856(a)). The "existence of an integration clause is a key factor in divining that intent," and an integration clause "'has been held conclusive on the issue of integration, so that parol evidence to show that the parties did not intend the writing to constitute the sole agreement will be excluded.'" *Id*. (citation omitted).)

Here, the arbitration agreements set forth in the December 2022 Terms and the Max Terms both unambiguously supersede all provisions of the Superseded Terms:

> You agree that any arbitrations between you and [Respondent] will be subject to this Section 5.4 and not to any prior arbitration agreement you had with [Respondent] . . . this Section 5.4 amends any prior arbitration agreement you had with [Respondent], including with respect to claims that arose before this or any prior arbitration agreement . . . This Agreement, together with the additional conditions of your Subscription, constitute the entire agreement between you and [Respondent] with respect to this subject matter and supersede all prior or contemporaneous written or oral agreements between you and [Respondent] with respect to this subject matter, including but not limited to any prior account or Subscription . . .

(Reply Exs. 1, 2 §§ 5.4(g), 5.15.)

Thus, the Updated Terms are "completely integrated as to dispute resolution between the parties and supersede[]" the Superseded Terms. *Garcia*, 855 F. App'x at 339-40 (integration clause in subsequent agreement which recited that it was "the full and complete agreement relating to the resolution of disputes covered by this Agreement" superseded parties' previous

arbitration agreement). Petitioners cannot rely on their Purported Opt-Out as extrinsic evidence that they did not intend that result because that contradicts the plain terms of the integration clause. *Grey*, 204 Cal. App. 4th at 809.

***Second,*** Petitioners' reliance on *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849 (9th Cir. 2022) to suggest there was no mutual agreement by Petitioners Ortiz, Maldonado, and Guzenski is misplaced. *Berman* emphasized that "the notice must explicitly notify a user of the legal significance of the action she must take to enter into a contractual agreement" and held that there was no unambiguous manifestation of assent there because the webpages "did not indicate to the user what action would constitute assent to those terms and conditions." *Id.* at 858. Here, Petitioners were expressly notified in three different fashions, including via direct email, that using HBO Max **or** renewing their subscription 30 days after December 20, 2022, would constitute acceptance of the December 2022 Terms. Ortiz, Maldonado, and Guzenski each did one of those things. (*See* Resp. Supp. at 8-14.) *See also Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 173-74 (5th Cir. 2004) ("The notice of the change in terms can be understood as an invitation to enter into a relationship governed by the new terms. The customer then accepts the new terms by continuing to use the service.") Further, Guzenski clicked "Start Streaming" on the Max platform, which was another acceptance of the Max Terms. (*See* Resp. Supp. at 9-10.)

That Petitioners' counsel instructed them to sign the Purported Opt-Outs—apparently failing to recognize that the Purported Opt-Outs would be ineffective because the Superseded Terms were extinguished—does not negate the actions Petitioners took to manifest their unambiguous assent to the Updated Terms. (*See* Reply Ex. 3 at 58:7-59:14 (Brooks' testimony that he signed the Purported Opt-Out because he thought it was in his best interest based on "information that is protected by attorney-client privilege").) Petitioners speculate that they "could not have understood that even after they exercised a right to preserve AAA arbitration that WarnerMedia inserted into the AAA Agreement, WarnerMedia would turn around and argue that

their later behavior in reliance on that right forfeited the very AAA arbitrations they sought to preserve." (Pet. Supp. at 13.) There is no evidence cited for this factual assertion regarding Petitioners' "understanding," which underscores that it was their counsel who had the misunderstanding—not Petitioners—about the effect of the Purported Opt-Out. *See Arias v. United States*, No. 13 Civ. 8542 HBP, 2014 WL 5004409, at *10 (S.D.N.Y. Sept. 29, 2014) ("Unsupported statements of counsel are insufficient to generate a genuine issue of fact."); *EEOC v. Bloomberg L.P.*, 778 F. Supp. 2d 458, 476 (S.D.N.Y. 2011) ("A lawyer's assertion is not evidence.").

***Third***, the implied covenant of good faith and fair dealing does not invalidate the Updated Terms. The implied covenant "exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the **benefits of the agreement actually made**." *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 349-50 (2000) (emphasis added). Here, nothing in the Updated Terms frustrates Petitioners' right to the benefits of their agreement with Respondent, *i.e.*, an agreement to resolve disputes through arbitration rather than courts. In the consumer context, the Ninth Circuit emphasized that "California courts have held that the implied covenant of good faith and fair dealing prevents a party from exercising its rights under a unilateral modification clause **in a way that would make it unconscionable**." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1033 (9th Cir. 2016) (emphasis added). In the same vein, courts applying California law have consistently held that arbitration agreements that apply retroactively are **not** unconscionable in consumer agreements, given that "the challenged term is in a contract concerning a nonessential recreational activity, [and] the consumer always has the option of simply forgoing the activity." *Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224, 1245 (2007).[2] Petitioners' cases

[2] *See In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, No. ML15-2668 PSG (JEMx), 2021 WL 2350814, at *4 (C.D. Cal. Apr. 20, 2021) (compelling arbitration under agreement revised two years after suit filed); *Laster v. T-Mobile USA, Inc.*, No. 05cv1167 DMS (AJB), 2008 WL 5216255, at *6 (S.D. Cal. Aug. 11, 2008) (arbitration provision which "retrospectively modif[ied] the original service contract after the present litigation had already begun" nonetheless applied under federal and California law), *rev'd on other grounds sub nom.*

illustrate the inapplicability of the implied covenant here. In *Cobb v. Ironwood Country Club*, 233 Cal. App. 4th 960, 964 (2015), a country club unilaterally amended its bylaws to include an arbitration agreement for the first time (i) one and a half years after it had litigated a dispute concerning **$25,000 loans** from its members and (ii) without notice or members' agreement. In *Peleg v. Neiman Marcus Group, Inc.*, 204 Cal. App. 4th 1425, 1465 (2012), the court did not hold that the arbitration agreement at issue violated the implied covenant, and the analysis was expressly limited to the employment context. *See id.* (if "a modification provision expressly addresses whether contract changes apply to claims that have accrued or are known **to the employer**, the covenant cannot create implied terms that contradict the express language" (emphasis added)).[3]

In sum, Petitioners' arguments seeking reconsideration of the Court's Order are foreclosed by well-established California law: the Purported Opt-Outs remain ineffective, and the Updated Terms remain enforceable.

## III. THERE IS NO BASIS FOR SANCTIONS UNDER SECTION 1281.97

Petitioners' renewed request for sanctions under Section 1281.97 is meritless for the reasons stated in Respondents' Opposition (ECF No. 50 at 17-18), as recent case law confirms.

Several more courts have held that Section 1281.97 is preempted given that "section 1281.97 violates the equal-treatment principle because it mandates findings of material breach and waiver for late payment that do not apply generally to all contracts or even to all arbitrations."

---

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011); *Oropeza v. Uber Tech., Inc.*, No. 20STCV28084, slip op. at 4 (Cal. Super. Ct., L.A. Cnty. May 26, 2021) (Reply Ex. 4) (compelling arbitration under arbitration clause to which plaintiff assented on January 23, 2021, to lawsuit filed in July 2020 and claims accruing in January 2019) and (Reply Ex. 5 at 5-6 (*Oropeza* Motion to Compel).)

[3] *Kim v. Allison*, 87 F.4th 994 (9th Cir. 2023) is inapposite because (i) it did not hold that a consumer contract was invalid on the ground that it applied retroactively and (ii) only noted in the context of a class certification motion that objectors may make that argument. And as explained in Respondent's Supplemental Brief (at p. 14 n.7), the two-page order drafted by Petitioners' counsel in *In Re Shelby Bates*, No. CPF-24-518617 (Cal. Sup. Ct., S.F. Cnty. Oct. 3, 2024) has no persuasive value.

*Hernandez v. Sohnen Enters., Inc.*, 102 Cal. App. 5th 222, 243 (2024), *reh'g denied* (June 3, 2024), *review granted* (Aug. 21, 2024); *Russell v. Siemens Industry Software Inc.*, No. 23-CV-03884-LJC, 2024 WL 4545970, at *8 (N.D. Cal. Oct. 21, 2024) ("even if sections 1281.97 and 1281.98 serve to promote efficient arbitration, they still violate the FAA's equal treatment principle, because they condition enforceability on a rule that applies only to arbitration"); *Solis v. Sohnen Enterprises, Inc.*, No. B323296, 2024 WL 2345367, at *10 (Cal. Ct. App. May 23, 2024), *reh'g denied* (June 3, 2024), *review granted* (Aug. 21, 2024) ("section 1281.97 violates the equal-treatment principle because it mandates findings of material breach and waiver for late payment that do not apply generally to all contracts or even to all arbitrations"). Further, all versions of the Terms are governed by the FAA, not California procedural law, and Section 1281.97 does not apply. *Solis*, 2024 WL 2345367, at *8 ("procedures of the CAA, including section 1281.97, do not apply" to agreements governed by the FAA).

In any event, fees are not "due" under Section 1281.97 until the date set forth in an invoice and no invoice was issued here. See Cal. Civ. Proc. Code § 1281.97(a)(2); *Russell v. Wyndham Vacation Resorts, Inc.*, No. 22-CV-0880-L-DDL, 2023 WL 139803, at *6 (S.D. Cal. Jan. 9, 2023) (no violation where AAA declined to administer arbitration "prior to any invoice being sent to Defendants"); *Anoke v. Twitter, Inc.*, No. A168675, 2024 WL 4230621, at *4 (Cal. Ct. App. Aug. 27, 2024) ("the statute ties the 30-day deadline to an invoice from the arbitrator"), *as modified* (Sept. 18, 2024).

**CONCLUSION**

Petitioners' rehashed arguments should be struck. Petitioners Ortiz, Maldonado, and Guzenski are bound by the Updated Terms and should be required to arbitrate before NAM.

Dated: New York, New York
November 4, 2024

Respectfully submitted,

*/s/ Michael W. McTigue Jr.*
Michael W. McTigue Jr.
(Michael.McTigue@skadden.com)
Meredith C. Slawe
(Meredith.Slawe@skadden.com)
SKADDEN ARPS SLATE
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Respondent*
*WarnerMedia Direct, LLC*