# Keller | Postman

November 20, 2024

<u>VIA ECF</u>

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

      Re:  Response to Notice of Supplemental Authority (ECF No. 106) in *Brooks et al. v. WarnerMedia Direct, LLC*, No. 1:23-cv-11030-KPF

Dear Judge Failla,

  This letter responds to WarnerMedia's Notice of Supplemental Authority, ECF No. 106. The California Arbitration Act ("CAA") applies to these California Petitioners' enforcement of their arbitration agreements with WarnerMedia. For three reasons, *Mosley v. Wells Fargo & Co.*, No. 24-CV-03173-JST, slip op., ECF No. 45 (N.D. Cal. Nov. 14, 2024), does not say otherwise.

  *First*, in *Mosley*, the defendant was late to pay its arbitration fees, and the plaintiffs cited the delay to try to invalidate their arbitration agreements with the defendant. Where the parties agree to apply the Federal Arbitration Act ("FAA"), and a party seeks to apply the CAA to *avoid* arbitration, the arbitration-enforcing purpose of the FAA might preclude the arbitration-avoiding application of the CAA. But here, Petitioners are seeking to *enforce* the arbitration agreements that WarnerMedia breached by failing to register its arbitration clause with the American Arbitration Association and to pay its required fees to the AAA. In this situation, the CAA's provisions apply *in addition to* the FAA "because the procedures they prescribe *further*—rather than *frustrate*—the objectives of the FAA to honor the parties' intent to arbitrate and to preserve arbitration as a speedy and effective alternative forum for resolving disputes." *Hohenshelt v. Super. Ct.*, 99 Cal. App. 5th 1319, 1326 (2024) (quoting *Gallo v. Wood Ranch USA, Inc.*, 81 Cal. App. 5th 621, 634 (2022)), *petition for review filed*, No. S284498 (Cal. Apr. 8, 2024).

  *Second*, it is black-letter law that these California Petitioners receive the protection of their home-state laws, including the CAA, regardless of any contractual provision invoking the application of the FAA. *See Nyerges v. Pac. Sunwear of Cal., LLC*, No. 21-CV-01123-CJC-DFM-X, 2022 WL 20717551, at *3 (C.D. Cal. July 6, 2022) (holding that the CAA applies "in any arbitration involving California employees or consumers" and finding that "the California

Keller | Postman

legislature meant to offer a mechanism for ensuring the efficiency of any arbitration, not just those being compelled pursuant to the CAA"); *Doe v. Laws. For Emp. & Consumer Rts.*, No. 2D CIV B330052, 2024 WL 1203776, at *2 (Cal. Ct. App. Mar. 21, 2024) (rejecting the argument that CAA is not applicable "because the arbitration agreement provides the arbitration is conducted under [FAA] rules" and holding that "even when the [FAA] applies, interpretation of the arbitration agreement is governed by state law principles" and CAA is "part of the substantive law of contracts in California"), *petition for review filed*, No. S284810 (Cal. Apr. 30, 2024); *see also Postmates Inc. v. 10,356 Individuals*, No. 20-cv-02783, 2021 WL 540155 (C.D. Cal. Oct. 5, 2021), at *1; *De Leon v. Juanita's Foods*, 85 Cal. App. 5th 740, 746 (2022).

*Third*, regardless of whether the FAA's procedures apply, interpretation of the arbitration agreement itself is "governed by state law principles." *Valencia v. Smyth*, 185 Cal. App. 4th 153, 177 (2010); *see also Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996) (same). That includes the question of breach and its consequences. *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005) (applying "general principles of California contract law" to determine the consequences of the drafting party's "breach of its obligations under the arbitration agreement"). The CAA's provisions apply here because they define when a drafting party has breached its payment obligations in a contract to arbitrate. *Dekker v. Vivint Solar, Inc.*, 479 F. Supp. 3d 834, 837 (N.D. Cal. 2020) ("Here, § 1281.97 *is* outcome determinative (on the breach issue) . . . ."), *rev'd on other grounds*, No. 20-16584, 2021 WL 4958856 (9th Cir. Oct. 26, 2021).

The California legislature enacted the CAA's provisions in response to companies like WarnerMedia "refusing to pay fees and costs required to initiate arbitration, effectively placing [consumers] in a procedural limbo." S.B. 707, 2019–2020 Reg. Sess. (Cal. 2019). Nearly two years ago, this district court granted WarnerMedia's motion to compel a putative class alleging the kinds of claims Petitioners assert to AAA arbitration. Order, *McDaniel v. Home Box Office, Inc.*, 1:22-cv-01942-ER, ECF No. 34 (S.D.N.Y. Jan. 27, 2023). But WarnerMedia has since refused to proceed in AAA, forcing Petitioners to expend their time and effort, as well as the Court's time and effort, to enforce the parties' agreement to arbitrate pursuant to AAA rules, with the protection of their home-state, California law. *Mosley* does nothing to preclude that relief.

Sincerely,

*Albert Pak*

Albert Y. Pak