SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001-8602
————
TEL: (212) 735-3000
FAX: (212) 735-2000
WWW.SKADDEN.COM

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WILMINGTON
————
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3529
DIRECT FAX
(212) 777-3529
EMAIL ADDRESS
MICHAEL.MCTIGUE@SKADDEN.COM

March 13, 2025

**VIA ECF FILING**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

      Re:    Submission of new authority on pending petition in
                    *Brooks v. WarnerMedia Direct, LLC*, No. 1:23-cv-11030-KPF

Dear Judge Failla:

      We write to submit the recent decision of Judge J. Paul Oetken of this Court in *Pilon v. Discovery Communications*, No. 24-CV-4760 (JPO), 2025 WL 752244 (S.D.N.Y. Mar. 10, 2025) (copy attached hereto as Exhibit 1). This decision is new authority confirming that (i) retroactive application of WarnerMedia's Updated Terms does not violate the covenant of good faith and fair dealing; (ii) those Updated Terms are enforceable and not unconscionable; and (iii) the Ninth Circuit's decision in *Heckman v. Live Nation Entertainment, Inc.*, 120 F.4th 670 (9th Cir. 2024), is based on facts distinguishable from those present here.

      Like this action, *Pilon* arose out of a mass arbitration brought by Petitioners' counsel. The target there was WarnerMedia's affiliate Discovery Communications and its streaming platform, discovery+. Petitioners' counsel filed 693 demands for arbitration against Discovery with the arbitration provider JAMS pursuant to an outdated discovery+ agreement, but JAMS rejected the filing. Thereafter, Petitioners' counsel filed a petition to compel arbitration under that outdated agreement. Discovery cross-moved to compel arbitration under its updated arbitration provision, which is substantively identical to the Updated Terms at issue here.

      The petitioners in *Pilon* argued, as Petitioners do here, that Discovery's modification of its arbitration provision was invalid because (i) it violated the implied covenant of good faith and fair dealing, (ii) it was unconscionable and unenforceable, and (iii) the Ninth Circuit's *Heckman* decision supported holding the updated arbitration agreement unconscionable.

Hon. Katherine Polk Failla
March 13, 2025
Page 2

Judge Oetken rejected the claim that the modification violated the implied covenant of good faith and fair dealing, holding that "New York's (or even California's) implied covenant of good faith and fair dealing does not prevent parties from mutually modifying their contracts in such a way." *Pilon*, 2025 WL 752244, at *10.

The court also rejected the *Pilon* petitioners' contention that the modification was unconscionable:

> [T]he arbitration provisions themselves do not appear to unreasonably favor Discovery, for even if they do require consumers to send Discovery affidavits or to proceed in batches, that does not abridge consumers' substantive rights in any way or require them to do more than what is often required in ordinary (or multi-district) litigation, where complicated submissions and delays are common. To the contrary, Petitioners do not contest Discovery's characterization of the JAMS procedure as unreasonably favoring mass claimants by allowing law firms to 'use the . . . fee structure to cause massive fees to be assessed on Discovery, thereby enabling [the firm] to extract a windfall settlement untethered to the merit of those claimants' claims.' . . . That the Second Visitor Agreement reverts to a procedure that prevents that manipulation of the arbitral forum's fee structure, even if overcorrecting, is not so substantively unreasonable as to be unconscionable.

*Id*. at *12.

Judge Oetken distinguished the Ninth Circuit's *Heckman* decision as "inapposite," emphasizing that the "mass-filing procedures at issue in *Heckman* . . . are not present" in Discovery's arbitration agreement. *Id*. In particular, the court noted that the "bellwether" provision, procedural limitations, and "lopsided appeal and arbitrator-selection right" at issue in *Heckman* were not present in Discovery's arbitration agreement. *Id*. WarnerMedia's Updated Terms do not include those provisions either.

In short, *Pilon* confirms that Petitioners' contentions that WarnerMedia's Updated Terms are unenforceable are without merit, even if this Court reaches those belatedly-asserted arguments (and it need not do so, for the reasons explained at ECF No. 102 at 1-3).

Respectfully submitted,

*/s/ Michael W. McTigue Jr.*

Michael W. McTigue Jr.

cc:   All counsel of record (via ECF filing)